N THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

KYLE WILLIAMS, SR,

Defendant.                                                      No. 13-CR-30193-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court is defendant's motion for all legal documents (Doc. 40). Based on the following, the Court denies the motion.

In order to obtain documents free of charge defendant must demonstrate: (1) that he has exhausted *all* means of access to his files (*i.e.* through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977). These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at

government expense.

Here, Williams' motion is insufficient.  First, he did not attach his prison trust fund statement and has not demonstrated that he exhausted means of access to his file.  Further, he has not stated why he needs these documents.  Moreover, case law indicates that defendant must first file the 2255 action in order to obtain the documents.  *See United States v. Horvath*, 157 F.3d 131, 132-33 (2nd Cir. 1998)(collecting cases).

Accordingly, the Court **DENIES** defendant's motion (Doc. 40).

**IT IS SO ORDERED.**

Signed this 25th day of August, 2014.

Digitally signed by
David R. Herndon
Date: 2014.08.25
15:04:14 -05'00'

**Chief Judge**
**United States District Court**